The phrase "END OF ORDER" after the text should read "END OF MEMORANDUM".

Date signed July 01, 2013



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at BALTIMORE

| In Re: | |
|---|---|
| Ramona Brockett | Case No.  13-15745-DWK |
| | Chapter  7 |
| Debtor | |

### MEMORANDUM CLARIFYING ORDER AUTHORIZING EMPLOYMENT OF ALAN LESCHT AND DENYING MOTION TO VACATE ORDER

After a hearing in this Chapter 7, the court granted Debtor's motion for relief from stay to pursue an appeal of a judgment against the Debtor in the U.S. District Court, Case No. CV-00240-JFM, that was represented as at least potentially, partially non-dischargeable.

Pre-petition, the Debtor, Ramona Brockett, had paid to Alan Lescht, an attorney, a retainer to pursue this appeal. This retainer was disclosed in Debtor's schedules and exempted, so it is not property of the bankruptcy estate.

Also pending at the time of the lift stay hearing was Debtor's application to employ Mr. Lescht to pursue the appeal. Recognizing that the right to pursue an appeal free of the automatic stay was of little help without counsel, the court granted the application, as a matter of routine, for Debtor to retain Mr. Lescht and his firm. Dkt. #38.

The estate was not involved. The application to employ was not by the Chapter 7 trustee or on behalf of the estate. The purpose of the retention was for Debtor to pursue a matter of interest to the Debtor, but not of interest to the estate. In an effort to further clarify this distinction, the court added to the Order the words "as personal counsel."

The Order authorizing the Debtor to retain counsel, without mention of the estate, should leave no doubt that, despite the pendency of her Chapter 7 case, Debtor may hire her lawyer and use the exempted retainer to pay her counsel, Mr. Lescht. However, it provides no basis for the Debtor or Mr. Lescht to file an administrative claim against the estate.

Jordan Brown, a creditor and the prevailing party in the U.S. District Court case, has moved to vacate the order granting the Debtor's application to employ counsel on the ground that the time for Mr. Brown to object to the application had not expired and Mr. Brown had grounds for an objection. Dkt. #44. The Debtor has not filed a response to the motion to vacate, although she was allowed the response time to do so.

Mr. Brown also has filed an opposition to Debtor's application. The substance of the opposition is that the Debtor does not have the authority to employ counsel as special counsel for the estate to represent the Debtor in a dischargeability matter that is of interest only to the Debtor and not to the estate. While the court agrees with this proposition [In re Lilliston, 127 B.R. 119 (Bank. D. Md. 1991)], the order at issue, as described above, does not implicate the estate and the objection misses the mark.

The court does note, however, that the wording of the order contains the unfortunate phrase "as special counsel". While that phrase in common meaning was taken to mean for the specific purpose of prosecuting the judgment appeal, it also has meaning as a word of art in

bankruptcy case administration.  Consequently, the phrase will be deleted from the order.  It is not necessary to accomplish what the court intended.

      For these reasons, the Motion to vacate will be denied since it would serve no useful purpose or alter the result.  However, the Order authorizing employment will be amended to delete the phrase, "as special counsel".  The lead in to the order will also be limited.


Cc:    Debtor
        Debtor's counsel- Michael G. Wolff, Esq.
        Debtor's special counsel- Alan Lescht, Esq.
        Movant's counsel- N. Tucker Meneely, Esq.
        Trustee-Sean C. Logan, Esq.
        United States Trustee

**END OF ORDER**